281 So.2d 667

**Edward Albert SEIBOLD, alias**

**v.**

**STATE.**

**5 Div. 142.**

Court of Criminal Appeals of Alabama.

Feb. 20, 1973.

Rehearing Denied March 20, 1973.

J. Douglas McElvey, Tuscaloosa, for appellant.

**614**

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Three convictions of murder in first degree; one of assault with intent to murder: three life sentences, and twenty years imprisonment for the assault. Prior companion cases are Seibold v. State, 287 Ala. 549, 253 So.2d 302 and Seibold v. Daniels, D. P., 337 F.Supp. 210.

The judgments came on pleas of guilty without the intervention of a jury. Code 1940, T. 15, § 277, as amended.

The trial judge conducted a scrutiny and examination of the defendant and his lawyers and established compliance with Boy-

kin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. He also had before him testimony not only of the appellant as to his mental condition, but the statements of his two lawyers outlining their interviews and discussions with appellant regarding the merits of pleading guilty. These attorneys both advised the court in effect that Seibold knew what he was doing.

Approximately one month earlier, before the judgments of the circuit court, there had been filed a report of a commission on lunacy set up under § 425, T. 15, Code 1940. The report was conclusory only, not using the language of the statute,[1] viz., "present criminal responsibility * * *." Rather the report denominated Seibold as "presently incompetent."

So far as we are aware, Seibold has never been ajudicated insane. Indeed, in his first trial the jury by finding him guilty expressly rejected his plea of not guilty by reason of insanity.

■ The law with regard to lunatics or insane persons by whatever name called, recognizes the concept of there being lucid intervals during which the capacity to transact business and otherwise be responsible in the affairs of life has been recognized. We believe that this comports with historical observation and is not a mere convenient fiction of law. In this record we find nothing to indicate mente captus.

In this case the trial judge first went into Seibold's mental capacity at the time of his desire to plead guilty and had before him evidence from Seibold himself. Seibold testified that he considered he knew what he was doing although he thought that he had schizophrenia.

■ We consider that the substantial weight of the evidence in the instant record would support the conclusion by the

---

1. The trial judge's order did adjure the commission "to determine ˙* * * his competency to stand trial * * *." See

Judge Varner's ipse dixit in Seibold v. Daniels, supra, 337 F.Supp. at p. 216.

trier of fact that (a) Seibold was sane at the time of pleading guilty and, (b) he voluntarily and intelligently understood the effect of his pleas of guilty.

We consider the judgment below is due to be

Affirmed.

All the Judges concur.

