Appellant was indicted and tried for murder in the first degree. A jury found him guilty of manslaughter in the first degree and fixed his punishment at ten years imprisonment. He was sentenced accordingly.
On the night of December 21, 1975, a group of close to a dozen men and women, old and young, had assembled at the home of Doc Callahan in rural Morgan County. Their main occupation at the time was drinking whiskey and beer. According to the evidence of at least six witnesses for the State, defendant had an argument with William Jack Dempsey and one or two others present about some whiskey and struck Dempsey, knocking him to the floor, and then kicked him several times according to some of the witnesses. It was promptly noticed thereafter that Dempsey was dead. It was generally agreed with those present that they would say that Dempsey died of a heart attack. Word went out and the coroner of Morgan County came to the scene. He was informed that deceased had died of a heart attack, and no other person there at that time told him otherwise. A county investigator went to the scene the next day and was told that Dempsey had died of a heart attack.
Two weeks after the burial of Dempsey, his body was exhumed and an autopsy was performed by Dr. James M. Buttrem of the Alabama Department of Toxicology and Criminal Investigation. He testified that he found nine bruises on the body as a whole, four on the head; an extensive subarachnoid hemorrhage covering large areas of the brain which extended into "the cervical or neck and spinal canal"; that in his opinion death was due "to subarachnoid hermorrhage as a result of one or more blunt force injuries delivered to the upper right neck region in the back."
Some of the eyewitnesses were related to defendant. Some stated that their fear of him was the reason they expressly or impliedly reported that Dempsey died of a heart attack and had not been beaten by defendant.
Defendant testified that he had become drunk and had passed out at Callahan's house that night and had no knowledge whatever of the events immediately preceding Dempsey's death and did not learn of his death until his body had been removed. He emphatically denied that he had hit or kicked Dempsey. There was ample evidence to support defendant's testimony that *Page 221 
he was intoxicated to some extent, but there was no witness to support his contention that he did not hit or kick Dempsey.
At the threshold on appeal, appellant raises a question, which was never raised on the trial or even on defendant's motion for a new trial, as to bias or prejudice of the trial judge against defendant, and alleges that it was the duty of the trial judge to recuse himself from the trial of the case. He says in effect that such bias or prejudice is shown in the action of the trial judge in the following instances:
(1) Some rulings adverse to defendant,
(2) Some statements made by the trial judge to defendant at the time he was sentenced, and
(3) The determination by the trial judge of the amount of the bond on appeal.
As to (1), our attention is not called to anything, and we find nothing, in any of the rulings of the trial judge that indicates any bias or prejudice against defendant.
As to (2), in sentencing the defendant in accordance with the punishment fixed by the jury, which was beyond the power of the trial court to change, the trial judge reminded the defendant of his former appearances before the judge and of cases in which defendant had been previously prosecuted that were handled by the judge before he was a judge and when he was the prosecuting attorney. It can hardly be questioned that defendant knew the judge as well as the judge knew the defendant. Irrespective however of any question of waiver by defendant, no disqualifying bias or prejudice as to defendant is to be found in the judge's reference to previous official contact with the party, whether to the party's discredit or not. Disqualifying prejudice or bias as to a party must be of a personal nature. Johnson v. State, Ala.Cr.App., 335 So.2d 663
(1976); Slinker v. State, Ala.Cr.App., 344 So.2d 1264; Canon 3, A (5), Alabama Canons of Judicial Ethics.
The contention that prejudice or bias is shown in the increase of the amount of defendant's bond on appeal from what it was before conviction is without merit. True, the grade of the offense charged in the indictment was reduced by the verdict. On the other hand, an increase in the amount of bond on appeal from the amount prior to conviction is normal and is to be expected. The amount of the bond prior to conviction was $8,000.00; after conviction, the judge at first fixed it at $18,000.00, but upon reflection, doubtless taking into consideration the conviction for a lesser included offense than that expressly charged in the indictment, he reduced the amount to $5,000.00.
Appellant also raises on appeal for the first time a question as to the validity of the jury panel from which the jury was selected, by the usual process of striking, to try the case, appellant now complaining that he was not allowed the full available jury venire from which to select a jury. The record neither confirms nor negates in fact the factual contention of appellant, but the record is clear to the effect that no objection was made to the procedure and no ruling of the court was invoked as to the point. Whatever irregularity there was, if any, was waived by defendant. Hurley v. State, Ala.Cr.App.,341 So.2d 494, cert. denied, Ala., 341 So.2d 497 (1976).
Appellant insists on appeal on a ground of a motion for a new trial, which motion was overruled by the court, that "the cumulative effect of improper questions, improper objections, and improper argument by the District Attorney . . . was to prevent the defendant from receiving a fair and impartial trial." By not singling out any alleged impropriety or any particular group of claimed improprieties, it is understood that appellant does not contend that the same of itself was sufficient to require a new trial. We see little, if any, impropriety in any of the claimed improprieties in questions, objections, and argument of counsel for the State. We are confident that there was not such an accumulation thereof as to require a new trial on the ground stated. The court was not in error in overruling the motion for a new trial. *Page 222 
Our review of the record fails to reveal any error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 320); his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.