Warren Dean Blair, the appellant, was indicted and convicted for the unlawful possession of Pentazocine (Talwin). The jury imposed a $25,000 fine and the trial judge sentenced Blair as a habitual offender to twenty-five years' imprisonment. Three issues are argued on appeal.
 I
It is argued that the trial judge erred in not recusing himself because of his personal prejudice against Blair.
On November 29, 1982, Calhoun County Circuit Judge Samuel H. Monk, II, accepted Blair's guilty plea to the offense. The judge delayed sentencing so that Blair could "get his personal affairs in order." Blair absconded and failed to appear for sentencing. A warrant was issued for his arrest on December 27, 1982. Blair turned himself in on March 2, 1983. Judge Monk allowed Blair to withdraw his guilty plea in June of 1983.
Prior to trial, defense counsel requested that Judge Monk recuse himself because at the motion to withdraw the guilty plea Judge Monk stated that the District Attorney "would probably want this case at trial again because I could give him as much time as I wanted to give him, or more time." In denying the motion to recuse, the judge explained that Blair had pled guilty pursuant to a plea bargain for a minimum sentence as a habitual offender (15 years) and that in withdrawing the plea the State had nothing to lose. Judge Monk stated to defense counsel at the hearing on the motion to withdraw "that the Court has no feelings one way or the other about your client or about this case. I don't know a thing about the facts of this case other than what was presented." Blair argues that the judge's remarks at the sentencing hearing contradict this and show that Judge Monk had preconceived notions of guilt.
In order to place the judge's comments in their proper context, it is necessary to review some of the evidence presented at trial and at the sentencing hearing. At trial, the State's evidence showed that drugs and drug paraphernalia were found throughout the house in which Blair lived with his mother and brothers. At the sentencing hearing, it was stipulated that Blair had three prior felony convictions: grand larceny, receiving stolen property, and possession of heroin. The pre-sentence report reflected other charges and convictions. In pleading for his client, defense counsel stated, "He has been addicted to drugs and these cases certainly are related to his weakness . . . . and I feel that he deserves every chance at that to try to overcome his weakness, his addiction and dependency on these drugs."
In response to this argument of Blair's attorney, Judge Monk stated:
 "Now, I heard the evidence and testimony in this case and my opinion is that your involvement in this criminal activity goes beyond merely being a victim of a drug habit. I don't live in a shell; I am aware and, of course, the other judges in *Page 1094 
this circuit are aware that your family are frequent defendants in court for drug related offenses. I don't guess there's a one of you now that hasn't been convicted of a felony offense involving hard narcotic drugs. And this is purely my opinion, based upon your history and my personal knowledge of that history in your coming through court, is that you and the members of your family are involved in one of the most active drug rings in Calhoun County. It's also this Court's opinion based upon the evidence and testimony in this case and of your background that you and the members of your family have made your living off of making junkies out of members of the black community. And common sense just tells us when you have people who become dependent upon you for drugs and you sell those drugs and they need money to buy those drugs that you have a direct impact on crime in this area."
The record contains no objection to these remarks.
Judge Monk sentenced Blair to twenty-five years' imprisonment. The range of sentence for a habitual offender with three prior felony convictions on conviction of a Class C felony (Peoples v. State, 415 So.2d 1230 (Ala.Cr.App. 1982)) is "imprisonment for life or for any term not more than 99 years but not less than 15 years." Alabama Code Section 13A-5-9
(c)(1) (1975).
We find nothing improper in the judge's comments. The rule was stated in State ex rel. Payne v. Empire Life Ins. Co.,351 So.2d 538, 544 (Ala. 1977):
 "When bias and prejudice are the stated grounds for recusal, the general rule is:
 "`It is actual existence of prejudice on the part of a judge, not the mere apprehension of it by a party which disqualifies. Further, the disqualifying prejudice of a judge does not necessarily comprehend every bias, partiality, or prejudice which he may entertain with reference to the case, but must be of a character calculated to impair seriously his impartiality and sway his judgment, and must be strong enough to overthrow the presumption of his integrity . . .' Duncan v. Sherrill, 341 So.2d 946, 947 (Ala. 1977)."
Judge Monk's remarks simply do not amount to a showing of bias and prejudice necessary to compel recusal. Here, as in Pannellv. State, 356 So.2d 219, 221 (Ala.Cr.App. 1977), cert. denied,Ex parte Pannell, 356 So.2d 222 (Ala. 1978), "no disqualifying bias or prejudice as to defendant is to be found in the judge's reference to previous official contact with the party, whether to the party's discredit or not. Disqualifying prejudice or bias as to a party must be of a personal nature."
 II
The admission of several photographs found at the residence depicting Blair displaying a pistol, a marijuana cigarette, and a large sum of money were properly admitted as tending to show Blair's residence at the particular address.
Testimony concerning the photographs was initially elicited by defense counsel on cross examination of an investigating officer. The inquiry into the photographs was detailed and defense counsel asked to examine and was given the photographs. Only on redirect examination did the district attorney offer the photographs into evidence. Outside the presence of the jury the prosecutor explained that defense counsel on cross examination "went into great detail about the method used to determine whether that room belonged to the Defendant or was where the Defendant stayed which would be — have very probative value as to whether or not he lived in that house." The trial judge excluded all but two of the photographs because they depicted people other than Blair and would confuse the jury. However, the judge noted that defense counsel had "probably opened the door for those, too."
We find no error in the admission of the photographs for three reasons. First, the photographs were properly admitted. "Where the defendant is charged with the possession, sale or use of drugs, other controlled substances found at the *Page 1095 
time and scene of the crime may be admissible to show the `complete story'." Mauldin v. State, 402 So.2d 1106, 1110
(Ala.Cr.App. 1981). The State had to prove that Blair knew that the marijuana was in the house and exercised some control over the premises. Mitchell v. State, 395 So.2d 124, 126
(Ala.Cr.App. 1980), cert. denied, Ex parte Mitchell,395 So.2d 127 (Ala. 1981); Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1978). Mere proximity to contraband is not enough to establish constructive possession. Story v. State, 435 So.2d 1365 (Ala. 1983); German v. State, 429 So.2d 1138, 1142 (Ala.Cr.App. 1982). Here, the photographs were relevant on the issues of intent and knowledge and were properly admitted. Blaine v.State, 366 So.2d 353 (Ala.Cr.App. 1978). Photographs are admissible in evidence if they tend "to prove or disprove some disputed issue, . . . illustrate or elucidate some relevant fact or . . . corroborate or disprove some other evidence offered or to be offered." C. Gamble, McElroy's AlabamaEvidence, Section 123.03 (1) (3rd ed. 1977). "If a photograph illuminates issues in any way and is relevant, it is admissible in a criminal proceeding, though the photograph would have a tendency to inflame the minds of the jury." Lawrence v. State,409 So.2d 987, 990 (Ala.Cr.App. 1982).
Second, the photographs were properly admitted because the defense had "opened the door" for their admission. Bickerstaffv. State, 369 So.2d 315, 317 (Ala.Cr.App. 1979).
Third, by withdrawing his objection, defense counsel has waived any alleged error. The record shows that over defense counsel's objection the trial judge stated he would admit two photographs of Blair. At that time defense counsel stated, "I'll withdraw my objection on holding them out, Judge", and answered "Yes" when both the judge and the prosecutor asked, "Do you want them to go in?" By withdrawing his objection and indicating that he wanted the photographs admitted into evidence, defense counsel waived any objection he had previously made.
 III
Here, the indictment was not due to be dismissed because the contraband had been destroyed. Two months after Blair had withdrawn his guilty plea, defense counsel filed a motion to produce, which Judge Monk granted. Among other items, the motion sought the production of a sufficient sample of the contraband for independent analysis and examination. However, the contraband had been destroyed according to routine operating procedure after Blair had pled guilty. We agree with the trial judge that Blair has no cause to complain about the destruction of evidence occasioned by his own actions.
 "THE COURT: . . . All right then, the Court finds that the destruction of the alleged controlled substances or substance in this case was brought about by the Defendant's plea of guilty and the State's subsequent notification of the plea of guilty to the police department, the prosecuting agency — or the arresting agency."
. . . .
 "I'm going to find that the destruction of the evidence was brought about by an event or a series of events which were within the Defendant's control and were placed into operation by the Defendant's own acts. And therefore he cannot complain or has no legal complaint about the evidence being destroyed — the contraband being destroyed by the arresting agency following routine procedure. I'm going to grant the State's motion to relieve them of the motion to produce the contraband."
In a criminal prosecution for the possession or sale of a controlled substance, the accused has a right to inspect a sample of the substance and to have it inspected by his own experts. Warren v. State, 292 Ala. 71, 77, 288 So.2d 826
(1973); Etheridge v. State, 414 So.2d 157 (Ala.Cr.App. 1982).
Here, the State could not comply with the motion to produce. The contraband had been destroyed after Blair had pled *Page 1096 
guilty and before he had withdrawn his guilty plea and filed his motion to produce. The prosecution was entitled to rely on Blair's plea of guilty. Blair should not be allowed to profit by his own actions which either directly or at least indirectly resulted in the destruction of the evidence.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.