Appellants Charles Allen Ballard, Joyce Hatcher Moreland and Clarence Lee McGee were convicted individually for violation of the Alabama Uniform Controlled Substances Act, § 20-2-70, Code of Alabama 1975, possession of marijuana. These cases were consolidated for appeal for the purpose of considering the correctness of the denial of appellants' motions, common to each case, asking that the trial judge, the Honorable J.C. Norton, recuse himself. The ground set forth for the recusal motions is that the sentences imposed by this judge in drug cases tended to be stricter than those imposed by another circuit judge, now retired, who served in the same circuit.
The record reveals that the arrest of Clarence McGee and his common-law wife Joyce Moreland resulted from their possession of 30.3 pounds of marijuana. The marijuana was divided into a number of zip lock bags. A shaving kit in their possession containing $8,000 in cash was also received in evidence. Appellants were indicted under § 20-2-70, Code of Alabama 1975, which provides: ". . . upon conviction, for the first offense [the defendant] may be imprisoned for not less than two nor more than 15 years, and, in addition, may be fined not more than $25,000." They were convicted by a Dallas County jury. The judge sentenced each of them to 15 years' imprisonment and imposed a $10,000 fine on Moreland. Appellants McGee and Moreland received sentences within the minimum and maximum limits of § 20-2-70. Because the appellants were in possession of 30.3 pounds of marijuana, they could have been charged, if the district attorney had so desired, with trafficking in cannabis under § 20-2-80, Code of Alabama 1975. This law defines "trafficking," as, among other things, being in: ". . . actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis . . ." and establishes a minimum term of imprisonment of 3 years and requires a minimum fine of $25,000. Section 20-2-80 sets no maximum term of imprisonment for the offense. Appellants, therefore, were indicted and convicted of a lesser offense, thus escaping the possibility of a more severe sentence under § 20-2-80.
Appellant Charles Ballard was indicted under § 20-2-70 for possession of 11.4 ounces of marijuana. He was convicted by a jury of possession for personal use and the court imposed a sentence of 12 months' imprisonment and a fine of $1,000. When possession for personal use is proven, and the amount of marijuana involved is less than 2.2 pounds, § 20-2-70 allows for a maximum sentence of 12 months and a $1,000 fine. Again, we find that the sentence is within the statute.
It is well settled that this court is without authority to review a sentence so long as the sentence imposed by the trial court is within the limits prescribed by our legislature. Woodv. State, 28 Ala. App. 464, *Page 1307 187 So. 250, 251 (1939); Terry v. State, 33 Ala. App. 21,29 So.2d 884, cert. denied, 249 Ala. 96, 29 So.2d 886 (1947);Nesbitt v. State, 343 So.2d 1240 (Ala.Crim.App.), cert. denied,343 So.2d 1243 (Ala. 1977); Wright v. State, 423 So.2d 345
(Ala.Crim.App. 1982). As we have noted, the sentences in the present cases were within the statute and therefore should not be disturbed.
The appellant's allegations that the judge in question should have disqualified himself under Canon 3 C (1) of the AlabamaCanons of Judicial Ethics, Code of Alabama 1975, is without merit. Canon 3 C (1) provides that "A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned. . . ." Canon 3 C (1) does not require disqualification "upon mere accusation of bias unsupported by substantial fact." Taylor v. Taylor, 359 So.2d 395
(Ala.Civ.App. 1978). The appellants assert that this "substantial fact" was established by evidence of a series of cases in which the judge imposed sentences completely within the range established by law. The appellants are incorrect in their assertion.
A motion to recuse must be presented to the challenged judge and his ruling on the motion will not be reversed on appeal in the absence of clear evidence of bias or prejudice. Evidence must be presented to prove the judge possesses a personal bias as opposed to one that is judicial in nature. Personal as opposed to judicial bias is characterized by an attitude of extrajudicial origin derived non coram judice. Seibold v.State, 382 So.2d 1141 (Ala.Crim.App. 1979), cert. denied,382 So.2d 1146 (Ala. 1980); Pannell v. State, 356 So.2d 219
(Ala.Crim.App. 1977), cert. denied, 356 So.2d 222 (Ala. 1978);Johnson v. State, 335 So.2d 663 (Ala.Crim.App.), cert. denied,335 So.2d 678 (Ala. 1976), cert. denied, 429 U.S. 1026,97 S.Ct. 649, 50 L.Ed.2d 629 (1976); Slinker v. State,344 So.2d 1264 (Ala.Crim.App. 1977); Lokos v. State, 434 So.2d 818
(Ala.Crim.App. 1982); Craven v. United States, 22 F.2d 605 (1st Cir. 1927).
A careful review of the evidence presented by the appellants in support of the recusal motion fails to reveal any evidence which indicates a personal bias towards the appellants. Absent such proof, the judge's decision not to recuse himself will not be disturbed.
We have considered Solem v. Helm, 463 U.S. 277,103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), regarding proportionality of sentences. In that case a sentence of life without parole as a habitual offender was found to be disproportionate to the last offense, passing a bad check. In the present cases, appellants' sentences can in no way be considered to be disproportionate to the crimes committed. Solem v. Helm has no application here. The sentences in these cases are not violative of the Eighth Amendment of the United States Constitution or of the Alabama Constitution, both proscribing cruel and unusual punishment.Williams v. State, 420 So.2d 91 (Ala.Crim.App. 1982); Eldridgev. State, 418 So.2d 203 (Ala.Crim.App. 1982); Brown v. State,392 So.2d 1248 (Ala.Crim.App. 1980); Messelt v. State,351 So.2d 636 (Ala.Crim.App. 1977); Cabble v. State, 347 So.2d 546
(Ala.Crim.App. 1977); Nesbitt v. State, 343 So.2d 124
(Ala.Crim.App. 1977); Carlton v. State, 342 So.2d 1382
(Ala.Crim.App. 1977); Grace v. State, 57 Ala. App. 586,329 So.2d 643 (1976).
There will always be differences in approaches to sentencing. By establishing a range of sentence, the legislative and executive branches of government showed their intent that the discretion of the judge should be employed in sentencing. Crimes are not identical. Perpetrators of crimes are not identical. Neither should sentences be identical. To contend otherwise is to advocate a form of "vending machine justice." Courts should not apply a rigid or mechanical sentencing procedure. United States v. Roper, 681 F.2d 1354 (11th Cir. 1982).
These cases are due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 1308