TYSON, Judge.
Franklin Dwight Williams was indicted in four separate indictments for rape in the first degree (§ 13A-6-61, Code of Alabama 1975), robbery in the first degree (§ 13A-8-41, Code of Alabama 1975), assault in the first degree (§ 13A-6-20, Code of Alabama 1975), and kidnapping in the first degree (§ 13A-6-43, Code of Alabama 1975).
The eases were consolidated for trial. The jury found the appellant guilty of rape in the first degree and robbery in the first degree, as charged in the indictments and the lesser included offenses of assault in the second degree and kidnapping in the second degree.
The appellant was sentenced to life imprisonment without parole on the robbery conviction, to life without parole on the rape conviction, to life imprisonment on the kidnapping conviction and to twenty years’ imprisonment on the assault conviction.
At approximately 8:00 a.m. on March 9, 1984, the victim in this case parked near Rutledge College in downtown Birmingham, Alabama. As the victim started to get out of her car to go to a class, a man came to the driver’s side of her car and placed a knife at her side. He told the victim he’d kill her if she didn’t do what he said.
The man then told the victim to get on the floorboard on the passenger’s side of the car. He got in the car and drove around for about fifteen minutes. When he stopped the car, the man got the victim’s purse and took the money in it. He also took the watch she was wearing.
The man then told the victim to undress. She resisted and a struggle ensued. As a result, the victim received a busted lip and cuts on her head and chest. The man then removed the victim’s clothes and engaged in sexual intercourse with her against her will.
Once he was finished, the man told her not to move for thirty minutes. A few minutes later, the victim drove to her husband’s place of employment. He accompanied her to the police station where she filled out a report. The victim then went to Cooper Green Hospital for an examination.
Officer Sherry Hillard of the Birmingham Police Department took the report from the victim. The victim gave a description of her assailant and indicated that she could identify him.
Dr. Michael Chandler examined the victim on the day in question. He stated that she was extremely upset. His examination revealed the presence of sperm within her vagina.
The victim identified the appellant both at trial and at a line-up.
Officer Robert Walker went to the home of the appellant’s mother. He knocked on the door, identified himself as a police officer and told the appellant he needed to talk to him. At this point, the appellant ran to the back of the house. He came out fifteen minutes later when uniformed officers arrived.
*692 I
The appellant challenges the sufficiency of the evidence on the basis that the only evidence of his guilt is the victim’s identification of him. The record clearly shows that the victim in this case made a positive identification of the appellant at the lineup and also at trial. Her testimony alone was sufficient to establish a prima facie case. Flowers v. State, 402 So.2d 1088 (Ala.Crim.App.), cert. denied, 402 So.2d 1094 (Ala.1981).
The evidence presented at trial was sufficient to support each of appellant’s convictions. Thus, there is no basis of error here. Harris v. State, 333 So.2d 871 (Ala.Crim.App.1976).
II
The appellant contends the trial judge should have recused himself from this trial because of a remark made by the trial judge during the course of a previous trial of this appellant on other charges.
During the course of the previous trial, the court had been recessed for the day and the trial judge was in his office. The bailiff came into the office and the trial judge said, “Take that fool upstairs and to the County Jail.” (R. 28). The trial judge was unaware that the appellant was standing outside the door of his office and had overheard this remark.
The appellant now asserts that the trial judge should have disqualified himself under Canon 3 C(l) of the Alabama Canons of Judicial Ethics, Code of Alabama 1975 because his impartiality might reasonably be questioned as a result of this remark.
“A motion to recuse must be presented to the challenged judge and his ruling on the motion will not be reversed on appeal in the absence of clear evidence of bias or prejudice. Evidence must be presented to prove the judge possesses a personal bias as opposed to one that is judicial in nature. Personal as opposed to judicial bias is characterized by an attitude of extrajudicial origin derived non coram judice. Seibold v. State, 382 So.2d 1141 (Ala.Crim.App.1979), cert. denied, 382 So.2d 1146 (Ala.1980); Pannell v. State, 356 So.2d 219 (Ala.Crim.App.1977), cert. denied, 356 So.2d 222 (Ala.1978); Johnson v. State, 335 So.2d 663 (Ala.Crim.App.), cert. denied, 335 So.2d 678 (Ala.1976), cert. denied, 429 U.S. 1026, 97 S.Ct. 649, 50 L.Ed.2d 629 (1976); Slinker v. State, 344 So.2d 1264 (Ala.Crim.App.1977); Lokos v. State, 434 So.2d 818 (Ala.Crim.App.1982); Craven v. United States, 22 F.2d 605 (1st Cir.1927).”
Moreland v. State, 469 So.2d 1305 (Ala.Crim.App.), cert. denied, 469 So.2d 1305 (Ala.1985).
“The rule was stated in State ex rel. Payne v. Empire Life Ins. Co., 351 So.2d 538, 544 (Ala.1977):
“ ‘When bias and prejudice are the stated grounds for recusal, the general rule is: “ ‘ “It is actual existence of prejudice on the part of the judge, not the mere apprehension of it by a party which disqualifies. Further, the disqualifying prejudice of a judge does not necessarily comprehend every bias, partiality, or prejudice which he may entertain with reference to the case, but must be of a character calculated to impair seriously his impartiality and sway his judgment, and must be strong enough to overthrow the presumption of his integrity ...” Duncan v. Sherill, 341 So.2d 946, 947 (Ala.1977).’ ”
Blair v. State, 453 So.2d 1092 (Ala.Crim.App.), cert. denied, 453 So.2d 1092 (Ala.1985).
While the trial judge’s remark was inappropriate and unfortunate, his recusal was not required in this instance. The trial judge acknowledged making the remark and apologized to the appellant. He also indicated that he had apologized to the appellant the day after the remark had been made.
The record shows that the trial judge made it known to the appellant that he had no bias or prejudice against him and that he endeavored to be fair and impartial.
In light of this evidence, we hold that the trial judge’s remark is not sufficient proof *693 of his personal bias against the appellant. Moreland, supra. A showing of bias and prejudice necessary to compel recusal has not been demonstrated in this case. Blair, supra.
Therefore, we will not disturb the trial judge’s decision on appeal.
The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.