TYSON, Judge.
Franklin Dwight Williams was indicted on two charges of robbery in the first degree, two charges of rape in the first degree and two charges of kidnapping in the second degree. These charges arose out of two similar incidents involving two different victims. The cases were consolidated at trial by agreement of the parties. The appellant was found “guilty of each offense as charged in the indictment.” He was sentenced to life imprisonment on each of the kidnapping cases and to life without parole on the other four cases.
The appellant fails to challenge the sufficiency of the evidence. Therefore, the facts of this case need not be delineated. Any facts necessary for our decision will be discussed in the first issue raised by the appellant.
I
Evidence was presented at trial that both victims viewed a line-up and each identified this appellant. The victims in this case were Stephanie Bolar and Carolyn Hilliard.
During the State’s examination of Officer Robert Walker, who conducted the lineup, the following occurred.
*269 “Q. Who viewed the line-up?
“A. Ms. Stephanie Bolar — do you want to give all the people that looked at it?
“Q. No, sir.” (R. 23)
[[Image here]]
“A. No, she did not.
“Q. After witness Hilliard viewed the line-up, did she communicate her identification to any other witness or to Ms. Bolar?
“A. No, she did not.” (R. 24-25)
The appellant asked for a mistrial on the grounds that the prosecutor’s questions cónveyed to the jury the impression that the appellant had been charged with other crimes because the questions alluded to the presence of other victims, besides Bolar and Hilliard, at the time of the line-up. The trial judge denied the appellant’s motion, stating that the question was “so innocuous that it couldn’t conceivably have communicated or suggested to the jury that there were other victims in the case.” (R. 231).
We must agree with the trial judge. There was no mention of any other victims viewing the line-up except Bolar and Hilli-ard. The questions referred to other witnesses to the line-up which would have included other police officers. Our reading of the prosecutor’s questions leads to the conclusion that the questions in no way implied that other victims viewed the lineup or that the appellant had been charged with other crimes.
The decision whether to grant a mistrial is within the sound discretion of the trial judge, Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967) and his decision will not be reversed on appeal absent an abuse of discretion. Wallace v. State, 455 So.2d 177 (Ala.Crim.App.1984); Wood v. State, 416 So.2d 794 (Ala.Crim.App.1982). The trial judge is in the best position to determine the effect of allegedly prejudicial questions since he is able to observe and hear what transpires during the course of the trial. Benford v. State, 435 So.2d 1327 (Ala.Crim.App.1981). We find no abuse of discretion occurred in this cause.
II
The appellant contends the trial judge erred to reversal by failing to recuse himself from this case. This exact issue was raised by this appellant on another appeal to this court and it was decided adversely to the appellant. See Williams v. State, 489 So.2d 690 (Ala.Crim.App.1986). Also, Moreland v. State, 469 So.2d 1305 (Ala.Crim.App.) cert. denied 469 So.2d 1305 (Ala.1985); Blair v. State, 453 So.2d 1092 (Ala.Crim.App.1984). Therefore, there is no merit to this issue.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.