ON RETURN TO REMAND
It is shown by the Return to Remand that the trial judge, in accordance with the instructions given him, conducted a hearing on defendant's Motion to Reduce or Modify the Sentence Previously Imposed and concluded the hearing by an Order that the motion be "overruled and denied." This leaves the original sentence of ten years and one day unchanged in any particular. It should now be noted that in the first sentence of the opinion on original submission, the writer inaccurately stated that the sentence was for "imprisonment for ten years," but afterwards therein correctly stated that it was for a "term of ten (10) years and one (1) day."
In the Return to Remand, the trial court states that at the hearing conducted in accordance with the instructions given, the "Defendant offered no evidence but moved for an investigation to be made by the Parole and Probation Officer, and the State voicing no objection to such investigation, such investigation was ordered."
A copy of the REPORT OF INVESTIGATION is attached to the RETURN TO REMAND and shows the results of a careful and unbiased investigation, we think, and points out in detail several items indicating a need for severity of punishment and several items indicating the advisability of leniency.
As has been noted, appellant was convicted of an assault in the first degree in violation of § 13A-6-20, Code of Alabama 1975, which is a Class B felony. Section 13A-5-6 (a)(2) prescribes the range of punishment for a Class B felony, which is not more than twenty years or less than two years. The sentence imposed by the trial judge in the case sub-judice is well within the range of punishment authorized by statute, and we deem it inappropriate to substitute our judgment for that of the trial court as to the punishment the appellant-defendant should receive. To do so would constitute an unwarranted invasion by an appellate court of the province of the trial court. As long as the sentence imposed by the trial court is within statutory boundaries, the Court of Criminal Appeals will not overturn the decision absent clear abuse. Wilbourn v.State, 457 So.2d 1001 (Ala.Crim.App. 1984). We see no abuse here.
The judgment of conviction and sentence are proper, and therefore should be affirmed.
AFFIRMED.
All Judges concur.