TAYLOR, Judge.
Appellant Edward Collidge Riley was indicted for possession of cocaine in violation of § 20-2-70, Code of Alabama 1975, and for trafficking in cannabis in violation of § 20-2-80, Code of Alabama 1975. Appellant entered a guilty plea to the charge of possession of cocaine. At the same time, the indictment for trafficking in cannabis was amended to charge the felony possession of marijuana and appellant pleaded guilty to that charge. At sentencing, he received a sentence of 15 years’ imprisonment in each case, the sentences to run concurrently. Following denial of a motion to review the sentence, appellant gave notice of appeal.
Appellant contends that if the sentencing judge gives a sentence considerably different from that recommended in the presentence report, due process requires him to give reasons therefor. We disagree; such is not the law. Appellant further contends that the sentence levied is disproportionate, is cruel and unusual, and that this court should review all criminal sentences.
Attached to appellant’s brief are purported copies of case action summaries of other cases wherein persons pleading guilty to drug offenses in Montgomery County received lighter sentences.
I
The Solem v. Helm rule applies to cases in which the sentence is life imprisonment without parole. Its disproportionality argument was addressed by our Supreme Court in Ex parte Harbor, 465 So.2d 460 (Ala.1985), where the court stated:
“We cannot agree with petitioner’s argument that the Supreme Court of the United States in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001 [77 L.Ed.2d 637] (1983), required appellate courts to test all sentences against the proscription of the cruel and unusual punishment clause of the eighth amendment to the Constitution.”
The mere fact that punishment may be severe does not make it cruel and unusual punishment. Rummell v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).
II
In Moreland v. State, 469 So.2d 1305 (Ala.Cr.App.1985), this court held that it is without authority to review a sentence so long as the sentence imposed by the trial court is within the limits prescribed by our legislature. Wood v. State, 28 Ala.App. 464, 187 So. 250, 251 (1939); Terry v. State, 33 Ala.App. 21, 29 So.2d 884, cert. denied, 249 Ala. 96, 29 So.2d 886 (1947); Nesbitt v. State, 343 So.2d 1240 (Ala.Cr.App.), cert. denied, 343 So.2d 1243 (Ala.1977); Wright *34 v. State, 423 So.2d 345 (Ala.Cr.App.1982). This rule is qualified only by the Solem v. Helm rule. Since the sentences in the present case are within the statutory range, they are not to be disturbed.
Ill
We find no grounds upon which to treat the sentences in this case as cruel and unusual under the eighth amendment. See, Moreland, supra; Williams v. State, 420 So.2d 91 (Ala.Cr.App.1982); Eldridge v. State, 418 So.2d 203 (Ala.Cr.App.1982); Brown v. State, 392 So.2d 1248 (Ala.Cr.App.1980); Messelt v. State, 351 So.2d 636 (Ala.Cr.App.1977); Cabble v. State, 347 So.2d 546 (Ala.Cr.App.1977); Carlton v. State, 342 So.2d 1382 (Ala.Cr.App.1977); Nesbitt v. State, supra; Grace v. State, 57 Ala.App. 586, 329 So.2d 643 (Ala.Cr.App.1976).
As stated in Moreland:
“There will always be differences in approaches to sentencing. By establishing a range of sentence, the legislative and executive branches of government show their intent that the discretion of the judge should be employed in sentencing. Crimes are not identical. Perpetrators of crimes are not identical. Neither should sentences be identical. To contend otherwise is to advocate a form of ‘vending machine justice.’ Courts should not apply a rigid or mechanical sentencing procedure. United States v. Roper, 681 F.2d 1354 (11th Cir.1982).”
The decisions connected with sentencing can be the most difficult and stressful of any a judge is required to make. If a judge always imposes the sentence recommended by the presentence report, then the probation officer who prepares that report becomes de facto the judge. This would tend to expose the probation officer to all the pressures, temptations, and dangers which every sentencing judge must endure. It is a truism in the field of management that authority and responsibility must go hand in hand; that they must be opposite sides of the same coin. The judge alone bears the responsibility and he must have the equivalent authority. The law does not require him to explain sentencing decisions.
The judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.