McMILLAN, Judge.
This appeal follows a conviction, pursuant to a guilty plea, for the offense of robbery in the third degree, in violation of § 13A-8-43, Code of Alabama (1975), and sentence of ten years’ imprisonment. For the reasons outlined below, we affirm.
On January 14, 1985, the appellant, armed with a pistol, entered the “Market Basket” convenience store on Yalleydale Road. The appellant demanded money from Mabel Arden, the clerk at the store, but then changed his mind and fled the scene. Before the appellant’s case came to trial, however, he requested leave to file a plea of guilty to the charge of robbery in the third degree, as part of a plea agreement with the State of Alabama.
At a hearing on the request to enter a guilty plea, the trial court conducted a careful examination of the appellant before it accepted the guilty plea and sentenced the appellant within the provisions of the plea agreement. In this appeal, there is no issue presented which questions the voluntary nature of the appellant’s plea, nor is the trial court’s compliance with the terms of the “plea bargain” contested. Instead, the sole issue raised by this appeal concerns the severity of the sentence which the appellant received.
The appellant received a “split sentence” as authorized by § 15-18-8, Code of Alabama (1975). Under the provisions of the trial court’s order, the appellant’s ten-year sentence was modified to allow him to serve only one year of the sentence in the Shelby County Jail. At the end of the one-year period of actual incarceration, appellant will be placed on probation for a five-year period, and the remainder of the sentence will be suspended.
The appellant argues that the requirement that he actually serve one year of his ten-year sentence in the Shelby County Jail is the result of “whim” or “caprice” on the part of the trial court. According to the appellant, the trial court, in sentencing the appellant, failed to take into consideration the fact that the victim, as well as the probation officer and arresting officer, requested “leniency.”
This court has repeatedly stated that it is “without authority to review a sentence so long as the sentence imposed by the trial court is within the limits prescribed by our legislature.” Riley v. State, 480 So.2d 32, 33 (Ala.Cr.App.1985), citing Moreland v. State, 469 So.2d 1305 (Ala.Cr.App.1985).[1] *1067 As this court in Riley, per Judge Taylor, stated:
“The decisions connected with sentencing can be the most difficult and stressful of any a judge is required to make. If a judge always imposes the sentence recommended by the pre-sentence report, then the probation officer who prepares that report becomes de facto the judge. This would tend to expose the probation officer to all the pressures, temptations, and dangers which every sentencing judge must endure. It is a truism in the field of management that authority and responsibility must go hand and hand; they must be opposite sides of the same coin. The judge alone bears the responsibility and he must have the equivalent authority. The law does not require him to explain sentencing decisions.” 480 So.2d at 34.
In the present case, the appellant pled guilty to robbery in the third degree, which is a class C felony. § 13A-8-43, Code of Alabama (1975). Under the provisions of § 13A-5-6(a)(5), a conviction of a class C felony in which a “firearm or deadly weapon was used or attempted to be used during the commission of the felony,” mandates a term of imprisonment of “not less than 10 years.” Under this provision, the sentence imposed upon the appellant was proper and was, in fact, the minimum sentence.
As this court, per Judge Patterson, stated in Pickron v. State, 475 So.2d 600 (Ala.Cr.App.1985) (on return to remand):
“The sentence imposed by the trial judge in the case sub judice is within the range of punishment authorized by statute, and we deem it inappropriate to substitute our judgment for that of the trial court as to the punishment the appellant-defendant should receive. To do so would constitute an unwarranted invasion by an appellate court of the province of the trial court. As long as the sentence imposed by the trial court is within statutory boundaries, the Court of Criminal Appeals will not overturn the decision absent clear abuse.” (Citation omitted.)
In the instant case, there is no “clear abuse” in the trial court’s sentencing of the appellant. Additionally, because the punishment was “properly imposed within the limits defined by the punishing statute, this court is without jurisdiction to review the punishment.” German v. State, 492 So.2d 622 (Ala.Cr.App.1985) (citations omitted).[2]
AFFIRMED.
All the Judges concur.

. This court does have authority, however, to review prison sentences using the "dispropor-tionality” analysis of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). This analysis is limited, however, in the following manner:
"The Solem v. Helm rule applies to cases in which the sentence is life imprisonment without parole. Its disproportionality argument was addressed by our Supreme Court in Ex parte Harbor, 465 So.2d 460 (Ala.1985), where the Court stated:
" "We cannot agree with the petitioner’s argument that the Supreme Court of the United States in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001 [77 L.Ed.2d 637] (1983), required appellate courts test all sentences against the proscription of the cruel and unusual punishment clause of the Eighth Amendment to the Constitution.*
“The mere fact that punishment may be severe does not make it cruel and unusual punishment. Rummell v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)."
*1067 Riley v. State, 480 So.2d 32, 33 (Ala.Cr.App.1985).
Because the appellant's sentence in the case sub judice was less than life imprisonment without parole, the Solem v. Helm rule would not apply.

. This court is also without jurisdiction to review the probation of the appellant because
" ‘the original granting or denial of probation is entirely within the discretion of the trial court and is not reviewable on appeal from a judgment of conviction.’ ” Roden v. State, 384 So.2d 1248, 1249 (Ala.Cr.App.1980), quoted in German v. State, 492 So.2d 622 (Ala.Cr.App.1985).