TAYLOR, Presiding Judge.
The appellant, Rodney Martez Sparks, was charged with attempted murder and was convicted of the lesser included offense of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975. He was sentenced to 18 years’ imprisonment.
The state presented evidence that, on June 7,1993, the appellant shot Tyler Davis in the abdomen in the parking lot of the Lambda Chi Alpha fraternity house in Auburn, Aa-bama. Davis’s injuries necessitated two surgeries and the removal of a portion of his large intestine.
I
The appellant first contends that the court erred in receiving his out-of-court statements and confession into evidence. Specifically, he contends that he did not voluntarily, knowingly, and intelligently waive his “constitutional rights.”
“The general rule is that ‘ “[e]xtrajudicial confessions are prima facie involuntary and inadmissible, and the burden is on the State to prove that the confession was made voluntarily.” ’ Ex parte Weeks, 531 So.2d 643, 644 (Ala.1988), quoting Ex parte Callahan, 471 So.2d 463, 464 (Aa.), cert. denied, 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985). ‘The trial court need only be convinced from a preponderance of the evidence to find a confession to have been voluntarily made.’ Jackson v. State, 562 So.2d 1373 (Aa.Cr.App.1990). See also Ex parte McCary, 528 So.2d 1133 (Aa.1988).”
Johnson v. State, 611 So.2d 506, 509 (Aa.Cr. App.1992).
The state presented evidence that the appellant was informed of his Miranda[1] rights and of his rights under Rule 11(A), Aa. R.Juv.P. The appellant testified at the suppression hearing that he had been informed of these rights, that he understood these rights, and that he had read and had signed a form in which he waived these rights.
Based on the evidence presented at the suppression hearing, we conclude that the court did not err in finding that the appellant’s statement was knowingly and voluntarily given.
II
The appellant also contends that the court erred in refusing to provide the jury with a written definition of the ’offense of assault in the second degree. The court orally instructed the jury on the offense of attempted murder and on the lesser included offenses of assault in the first degree and assault in the second degree. During deliberations, the jury requested written definitions of attempted murder and assault in the first degree. At that time, the appellant requested that the jury also be provided with a written definition of assault in the second degree. The court refused the appellant’s request and provided the jury with only the two definitions that it had requested.
The court did not err in limiting the definitions that it provided to the jury to those requested by the jury.
“When a jury requests additional instructions the recommended practice is for the trial court to remain within the area of the specific request in making his response. East v. State, 339 So.2d 1104, 1106-07 (Aa. Cr.App.1976). A trial judge is not required to repeat any other part of his oral charge when answering a specific inquiry from the jury. White v. State, 195 Aa. 681, 686, 71 So. 452 (1916); Thomas v. State, 393 So.2d 504, 508 (Aa.Cr.App. 1981).”
Davis v. State, 440 So.2d 1191, 1195 (Aa.Cr. App.1983), cert. denied, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984). See also Collins v. State, 611 So.2d 498 (Ala.Cr.App. *998 1992); Whitley v. State, 607 So.2d 354 (Ala. Cr.App.1992).
III
Last, the appellant contends that the court erred in denying his motion for a reduction of his sentence. The appellant was convicted of assault in the first degree, a Class B felony. § 13A-6-20, Code of Alabama 1975. His sentence of 18 years’ imprisonment falls within the statutory range for a Class B felony. See § 13A-5-6(a)(2) and (5), Code of Alabama 1975.
“Where the punishment imposed is within the statutory range, this Court will not overturn the sentencing decision absent a clear abuse of discretion by the trial court.” Fordham v. State, 513 So.2d 31, 34 (Ala.Cr.App.1986). The record does not reveal that the court abused its discretion by sentencing the appellant to 18 years’ imprisonment.
For the above reasons, the appellant’s conviction is affirmed.
AFFIRMED.
All the Judges concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).