JOINER, Judge.
Charles Ted Herring was convicted of second-degree theft of services, see § 13A-8-10.2, Ala.Code 1975, and was sentenced to 20 years’ imprisonrnent. Herring was ordered to pay a $2,000 fine, a $1,000 crime-victims-compensation assessment, a $150 bail-bond fee, a $2,000 attorney fee, restitution, and court costs, Herring appeals.
At a plea hearing held on January 30, 2014, Herring entered a formal plea of guilty. (P.H.R. 3.[1]) The trial court en *493 gaged Herring in the following colloquy to determine whether his plea was made knowingly and voluntarily:
“THE COURT: State your name.
“A. Charles Ted Herring.
“THE COURT: And how old are you?
“A. Forty-two.
“THE COURT: What is your level of education?
“A. High school.
“THE COURT; And are you under the influence of any mood-alteringy.sub-stances today?
“A. No, sir..
“THE COURT: Have you. read, this explanation of rights and plea of guilty that [defense counsel] has given me?
“A, Yes, sir.
“THE COURT: Do you understand it?
“A. Yes, sir.
“THE COURT: Do you have any questions about it?
“A. No, sir.
“THE COURT: I want to confirm that this is your signature. [Defense counsel]?
“[DEFENSE COUNSEL]: Yes, sir.
“THE COURT: You signed that form, Mr. Herring?
’ “A. Yes, sir.
“THE COURT: And that is your signature there?
“A. Yes, sir.
“THE COURT: Do you understand that this is a formal plea of guilty, and you enter that plea of guilty?
“A. Yes, sir.
“THE COURT: And you voluntarily waive your right to a trial by jury? Do you understand you lose your right to appeal?
‘A. Yes, sir.
“THE COURT: And do you have any one-who has threatened you or harassed you or intimidated you or told you that you had bo .enter a plea of guilty?
“A. No, sir.
“THE COURT: Has anyone promised you anything of value to enter this 'plea?
“A. No, sir.
“THE COURT: And you obtained utility services, by deception from the City of Dothan; is that correct?'
“A. Yes, sir,
“THE .COURT:, And that is a- violation of 13A-8-[10;2]. What did you obtain from the city of Dothan? -
“[DEFENSE COUNSEL]: Electric bill. He wrote a check on á closed account for the electric bill.
“THE COURT: Now, further, do you understand, Mr. Herring, that you made an application for probation and I don’t have to give you probation?
“A. Yes, sir.
“THE COURT: And do you also understand that this will conclude all matters ;in your case, and it will be final?
“A. Yes, sir.
“THE COURT: Based on what you have told me, I find this is a knowing and willing plea,”'*
(P.H.R. 3-5.)
At Herring’s sentencing hearing held on March 31, 2014, the trial court determined that second-degree theft of services was not an offense included in the presumptive sentencing guidelines established by the Alabama Sentencing Commission. (S.H.R. 4, 6-7.) The trial court also determined that Herring’s sentence was subject to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975 (“the HFOA”). (S.H.R. 6- *494 7.) The trial court sentenced Herring to 20 years’ imprisonment.. (S.H.R. 9.)
Herring subsequently filed a timely motion to withdraw his guilty plea on the basis that his plea was not knowingly and voluntarily made. (R. 23-24.) Herring’s motion, however, did not state any specific grounds with respect to why his plea was not knowing or voluntary. (R. 28.) The trial court denied Herring’s motion. (R. 25.)
On appeal, Herring argues that his “plea was not knowingly and voluntarily made, and his Motion to Withdraw Guilty Plea should have been granted as [he] was not advised of his constitutional rights.” (Herring’s brief, p. 9.) Herring also contends that because he was sentenced pursuant to the HFOA, he “received a disproportionate sentence.” (Herring’s brief, p. 20.) .
I.
Herring first contends that he did not knowingly or voluntarily enter a plea of guilty. (Herring’s brief, p. 9.) Specifically, Herring claims that he was not advised of: (1) the “minimum and maximum senterices” (Herring’s brief, p. 9); (2) “the differences in consecutive and concurrent and their application to his case”" (Herring’s brief, p. 9); (3) “the pleas available to him” (Herring’s brief, p. 16); (4) “his right to remain silent or to testify [on] his own behalf’ (Herring’s brief, p. 16); and, (5) his waiver of both ‘“the privilege against compulsory self-incrimination’ ” and “‘the right to'confront one’s accusers’ ” (Herring’s brief, p. 17 (quoting Gordon v. Nagle, 647 So.2d 91, 93-94 (Ala.1994))). Herring further claims that he “was not questioned regarding his satisfaction with [defense counsel] during his plea.” (Herring’s brief, p. 19.)
This Court has previously held that
“ ‘ “[a]n issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented.” Pate v. State, 601 So.2d 210, 213 (Ala.Crim.App.1992). “ ‘[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof’ ” McKinney v. State, 654 So.2d 95, 99 (Ala.Crim.App.1995) (citation omitted).’ ”
Kidd v. State, 105 So.3d 1261, 1263-64 (Ala.Crim.App.2012) (quoting Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala.2003) (emphasis added)).
In addition, Rule 14.4,, Ala R.Crim. P. provides, in pertinent part:
“(a) Colloquy With Defendant. In all minor misdemeanor cases, the execution of a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other eases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea, of guilty means and its consequences, by informing the defendant of and determining that the. defendant understands:
[[Image here]]
“(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
“(iii) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences;
“(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or *495 defect, or both not guilty and not guilty by reason of mental disease or défect, and to persist in such a plea if it has already been made, or to plead guilty;
“(v) The fact that the defendant has the right to remain silent and may not be corhpelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her' own behalf;
“(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in the defendant’s presence, the right to testify and present evidence and witnesseS- on the defendant’s own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses;
[[Image here]]
“(3) Giving the-defendant an opportunity to state any objections he or she may have to defense counsel or to the manner in which defense counsel has conducted or is conducting the defense.

"....

“(d) Use of Form. The court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in Form C-44B, CR-51, CR-52, or Form C-44A, as the case may be.”
The committee comments to Rule 14.4 provide, in relevant part:
“Section (d) is included to accommodate the current Alabama practice' of informing'the defendant of his. rights through a form similar to that approved in Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971), and - subsequent cases_ [T]he Court of Appeals [has] held that while a full colloquy is not required where the form is used, the record must show that the trial judge made inquiry as to the defendants understanding of the rights set out in the form.”
Additionally, in Brown v. State, 695 So.2d 153, 154 (Ala.Crim.App.1996), this Court stated with respect to the requirements of Rule 14.4(a), Ala. R.Crim. P.:
“ ‘In Twyman v. State, 293 Ala. 75, 81-82, 300 So.2d 124, 130 (1974), our Supreme Court held that ah Ireland [v. State, 47 Ala.App. 65, 250 So.2d 602 (1971)] form executed by the defendant and acknowledged by defense counsel and the trial judge may establish that a guilty plea was voluntarily -and intelligently made, “provided there is other evidence in the record supporting that fact.” Davis v. State, 348 So.2d. 844, 846 (Ala.Crim.App.), cert. denied, 348 So.2d 847 (Ala.1977) (emphasis in Twyman).’ Trice v. State, 601 So.2d 180, 184 (Ala.Crim.App.1992) (footnote omitted).”
This Court has also held that
“[a] guilty ‘plea is only properly accepted ... upon satisfaction of the requisites, of Boykin [v. Alabama, 395 U.S. 238 (1969)] including the trial judge’s determination- that the guilty plea was knowingly and voluntarily entered by the accused. The record must reflect sufficient facts from which .such determination could properly be made.’ Dingler v. State, 408 So.2d 530, 532 (Ala.1981).”
Brewster v. State, 624 So.2d 217 (Ala.Crim.App.1993). In Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974), the Alabama Supreme Court held that the “Boykin requirement that a record affirmatively reflect that the trial court determined that *496 the defendant entered his plea of'guilty voluntarily can by satisfied by ... a transcript of the colloquy -... indicating that the trial court personally addressed the defendant and determined that the guilty plea was entered voluntarily.” Fleming v. State, 972 So.2d. 835, 836-37 (Ala.2007).
Although Herring filed'a timely motion to withdraw his guilty plea, the motion did not set out specific grounds in support of his contention that the plea was not knowing or voluntary. His motion simply stated that “[t]he plea entered on January 30, 2014 was not knowingly and voluntarily made.” (R. 23.) On appeal, Herring raises specific claims — that he lacked advice with respect to the nature of a guilty plea: and the -consequences that arise from -entering such a plea — for the first time -before this Court. Herring’s motion, therefore, lacked -the necessary specificity required to preserve his claims for appellate review.
Moreover, Herring’s claim lacks merit. The record in this case contains an Ireland form "that was signed by Herring, his de-fénse counsel, and the trial court. (C. 9-10; P.H.R. 3-4.) The form was also filed the same day of the guilty-plea hearing. (C. 2, 9-10.) The form contained notice of the 'offense 'with - which Herring' was charged, the mandatory minimum and possible maximum penalties he faced (which had also been circled); and the fact that the court might order multiple sentences for’ multiple crimes “to run consecutively to or concurrently with -the other sentence or sentences.” (C. 9.) Additionally, in a section labeled “Rights You Have and Waiver of Your Rights,” the form included the following rights available to Herring: (1) “a fight to remain silent and ... not be compelled-⅝ to give evidence against” himself; (2) “the right to enter, and continue to assert, a. plea of ‘Not Guilty’or ‘Not Guilty by Reason of Mental Disease or Defect’”; (3) if he chose to proceed to trial, “the right to confront and cross examine [his] accuser(s) and all the State’s witnesses”; and, (4) if he chose to proceed to trial, “the right to take the witness stand and testify” or; in the alternative, to refrain from testifying. (C. 10) The form also contained the following statement: “If you plead guilty, there, will be no trial. Yo% will be waiving your, rights outlined above, except your rights relating to representation by an attorney.” (C. 10.) -Furthermore, the form contained a statement signed by Herring’s defense counsel certifying that he had advised Herring of his “rights and the consequences, of pleading guilty.” (C. 10.) Finally, Herring signed the form directly below a statement that read:
“I certify to the court that my -attorney has read and explained-the matters set forth above; that my rights have been discussed with me -in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the plea agreement which will be. stated on the record. I further state to the court that I am guilty of the .charge to which I am entering a plea of guilty, that I desire to plead guilty, .that I made up my own [mind] with my attorney’s services and his/her handling of my case.”
(C. 10.)
In addition, the trial court personally addressed Herring in a colloquy during which the court specifically referred to the *497 Ireland form. (P.H.R. 3-4.) The' trial court asked whether Herring had read, understood, and signed the . form and whether Herring understood that he was voluntarily waiving certain rights. Herring replied, “Yes, sir,” to all questions. (P.H.R. 3-4.) Furthermore, the trial court determined that Herring’s guilty plea was knowing and willing, and Herring did not object to that determination. (P.H.R. ,5.) Because the record contains a properly executed Ireland form as well as a transcript of a colloquy wherein the trial court personally addressed Herring and thereafter concluded that his plea was knowing and voluntary, Herring’s guilty plea conformed to the requirements set forth,in Ala. R.Crim. P. 14.4. Accordingly, Herring is not entitled to relief on this issue.
n.
Herring also claims that because the “presumptive sentencing guidelines are not applicable [to his conviction], [he] received a disproportionate sentence.” (Herring’s brief, p. 20.) He argues that he “received a sentence that was well in excess of the sentences he was already serving that were guideline offenses.” (Herring’s brief, p. 20.)
Section 12-25-33, Ala.Code 1975, directs the Alabama Sentencing Commission to “[d]evelop, maintain, and modify as necessary a system of statewide voluntary sentencing standards for use in felony cases.” Section 12-25-34.2(b), Ala.Code 1975, provides, in pertinent part:
“The voluntary sentencing standards as provided for in Section 12-25-34, as applied to nonviolent offenses shall become presumptive sentencing standards effective October 1, 2013, to the extent the modification^] adopted by the Alabama Sentencing Commission become effective October 1, 2013. The standards shall be applied by the courts in sentencing subject to departures as provided herein.” .
The felony-theft offenses the Alabama Sentencing Commission includes in its presumptive sentencing guidelines are:* (1) first-degree theft qf property, see § 13A-8-3, Ala.Code -1975; (2) first-degree receiving stolen property, .see § 13A-8-17, Ala. Code 1975; (3) second-degree theft of property, see § 13A-8-4, Ala.Code 1975; (4) second-degree receiving stolen property, see § 13A-8-18, Ala.Code 1975; (5) second-degree forgery, see § 13A-9-3, Aa. Code 1975; (6) second-degree criminal possession of a forged instrument, see § 13A-9-6, Ala.Code 1975; (7) illegal possession or fraudulent use of credit card or debit card, see § 13A-9-14, Ala.Code 1975; and, (8) unauthorized use of vehicle; unlawful breaking and entering a vehicle, see § 13A-8-11, Ala.Code 1975. Presumptive and Voluntary Sentencing Standards Manual, 39.
Herring pleaded guilty to and was convicted of second-degree theft of services, see § 13A-8-10.2, Ala.Code 1975. The offense for which he was sentenced, therefore, was not subject to the presumptive sentencing guidelines. Furthermore, because second-degree theft of services is a Class C felony, and because he had been previously convicted of three felonies, the trial court was required to sentence Herring pursuant to the HFOA. The HFOA provides, in relevant part:
“(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows:
“(1) On conviction of a. Class C felony, he or she must be punished by imprisonment for life or for any .term of not more than 99 years but not less than 15 years.”
*498 § 13A-5-9, Ala.Code 1975. Herring’s sentence of 20 years’ imprisonment falls within the statutory limits set forth in the HFOA.
“This [C]ourt has repeatedly stated that it "is ^without authority to review a sentence so long as the sentence imposed by the. trial court is within the limits proscribed by our legislature.’ Riley v. State, 480 So.2d 32, 33 (Ala.Cr.App.1985), citing Moreland v. State, 469 So.2d 1305 (Ala.Cr.App.1985).” Tice v. State, 491 So.2d 1065, 1066 (Ala.Crim.App.1986). While Herring’s sentence-may be disproportionate in comparison to sentences for theft offenses that have been included in the presumptive sentencing guidelines, the sentence is within the statutory range. Moreover, the legislature delegated-to the Sentencing Commission the authority to determine which offenses to include in the guidelines. This Court, therefore, has no authority to review his claim that second-degree theft of services should be a guideline offense. Herring is not entitled to relief on this claim.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED;
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.
JOINER, J., concurs specially.

. Citations to the transcript of the plea hearing are referred to as "P.H.R._” Citations *493 to the transcript of the sentencing hearing are referred to as “S.H.R. _ — ”