Rel: May 1, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

_____

## CR-2025-0788

_____

### Senica Gerard Parker

### v.

### State of Alabama

### Appeal from Mobile Circuit Court
### (CC-23-1758.70)

COLE, Judge.

Senica Gerard Parker appeals the Mobile Circuit Court's order revoking his probation based on his commission of various new offenses. For the reasons discussed below, we affirm.

Facts and Procedural History

On November 1, 2023, Parker pleaded guilty to first-degree receiving stolen property, a violation of § 13A-8-17, Ala. Code 1975. Parker was sentenced, in accordance with a negotiated plea agreement, to 10 years' imprisonment, which was "split to the time" Parker had already served, and Parker was ordered to serve 3 years' probation.[1] (Supp. R. 13.) No issues were preserved or reserved for appeal from Parker's guilty-plea conviction. (Supp. R. 10.)

On April 4, 2025, Parker's probation officer filed a delinquency report with the circuit court, alleging that Parker had violated the conditions of his probation. Specifically, Parker had been arrested and charged with various new offenses -- driving under the combined influence of alcohol and a controlled substance, a violation of § 32-5A-191(a)(4), Ala. Code 1975; felony attempting to elude, a violation of § 13A-

---

[1]Although Parker had 10 prior felony convictions and was on probation at the time he committed the offense of first-degree receiving stolen property for which he pleaded guilty, the State did not present any aggravating circumstances. (Supp. R. 6-7.) Likewise, Parker did not assert any mitigating circumstances. (Supp. R. 7-8.) In addition, after Parker pleaded guilty and was sentenced, the circuit court granted the State's motion to nolle pros a charge of unlawful possession of a controlled substance (cocaine), a violation of § 13A-12-212, Ala. Code 1975. (2nd Supp. C. 14, 58; Supp. R. 16.)

10-52, Ala. Code 1975; and first-degree theft of property, a violation of § 13A-8-3, Ala. Code 1975. The circuit court held a revocation hearing.

At the revocation hearing, Officer Jeffery Jones, with the Daphne Police Department, testified that he encountered Parker on January 26, 2025. Off. Jones had just responded to a "report of a stolen vehicle" when he encountered the reported stolen vehicle and attempted to make a traffic stop. (R. 5-8.) Off. Jones explained that Parker "accelerated" when he first turned on his lights and sirens and that Parker drove nearly "70 miles an hour in a 35 and 45-mile-an-hour zone." (R. 8.) Parker drove "[a] few miles" before being pulled over. The driver, later identified as Parker, "eventually came to a stop" and Off. Jones suspected that Parker was "under the influence of multiple controlled substances." (R. 6-7.) Off. Jones testified that a "blood draw" was subsequently performed and Parker's blood-test results showed that he had multiple controlled substances in his system, including cocaine and methamphetamine. Off. Jones further stated that Parker was "sluggish, nodding off," that his "speech was slurred," and that "he appeared very nervous." (R. 12-13.) Additionally, Off. Jones testified that "there was an open container of alcohol in the car" and that the vehicle had a "strong" odor of alcohol. (R.

3

13.) Parker told Off. Jones that he had "smoked crack cocaine ten minutes" before the traffic stop and that "he had [had] a few beers earlier in the day." (R. 15.)

The circuit court revoked Parker's probation and ordered him to serve the remainder of his 10-year sentence. This appeal follows.

<u>Discussion</u>

Parker raises only one argument on appeal, which he raises for the first time -- that his original sentence was "illegal" because his sentence was split to "time served," which was less than the minimum split time required by the presumptive sentencing standards. Thus, Parker contends that the circuit court lacked <u>jurisdiction</u> to revoke his probation and that the only action this Court may take is to vacate his "void" sentence. The State agrees that Parker's original sentence was "unauthorized" by the presumptive sentencing standards. However, because Parker has raised this argument on appeal from the order revoking his probation, his argument is not properly before this Court for appellate review unless the departure is a <u>jurisdictional</u> error. See, e.g., <u>Brooks v. State</u>, 340 So. 3d 410, 460 (Ala. Crim. App. 2020) ("'A guilty plea, intelligently and voluntarily entered by an accused, waives all

4

nonjurisdictional defects.'" (quoting <u>Lancaster v. State</u>, 362 So. 2d 271, 272 (Ala. Crim. App. 1978))). For the reasons stated below, we hold that the failure to comply with the presumptive sentencing standards, unlike the failure to comply with the Split Sentence Act, § 15-18-8, Ala. Code 1975, is <u>not</u> a jurisdictional error.

Parker pleaded guilty to first-degree receiving stolen property, which is a Class B felony and a violation of § 13A-8-17, Ala. Code 1975. In accordance with his negotiated plea agreement with the State, he was sentenced to 10 years' imprisonment, which was "split for … [Parker] to serve <u>Time Served</u>" followed by 3 years' probation. (Supp. C. 9-10, R. 13; 2nd Supp. C. 51-52, 58.) At the time of Parker's sentencing, he had served only 7 months and 12 days. Parker's sentence was authorized under the Split Sentence Act, which provides that "where the imposed sentence is not more than 15 years" for a Class B felony, a defendant shall be confined "for a period <u>not exceeding three years</u> … and that the execution of the remainder of the sentence be suspended … and that the defendant be placed on probation for such period … as the court deems best." § 15-18-8(a)(1) (emphasis added). However, both parties contend that

5

Parker's sentence was also controlled by the presumptive sentencing standards.

The record from Parker's plea hearing, the sentencing worksheets, and the circuit court's sentencing order indicate that the parties and the circuit court intended that Parker be sentenced in accordance with the presumptive sentencing standards. The circuit court's sentencing order states: "On recommendation of the State and by agreement with the Defendant, and according to the Presumptive Sentencing Guidelines, the Defendant is now sentenced by the Court to imprisonment in the Alabama State Penitentiary for the term of ten (10) years." (2nd Supp. C. 51.) The circuit court's order also notes that "[n]o aggravating factors were asserted by the State and no mitigating factors were asserted by [Parker]." (2nd Supp. C. 51.) At the time Parker was sentenced, the presumptive sentencing standards required that he serve a term of 81 to 154 months' imprisonment for a straight sentence and a term of 18 to 31 months' imprisonment for a split sentence. However, Parker had served only 7 months and 12 days, making the split to "time served" a departure from the presumptive sentencing standards.

> "A sentence comports to the Standards when the sentence conforms to the recommendations on Prison the [sic]

6

In/Out Worksheet and the sentence length is chosen from the recommended sentence ranges on the Sentence Length Tables, including where prison is recommended, and a split sentence is imposed, the split portion of the sentence cannot be suspended and both the total sentence and the incarceration portion of the split must conform to the recommendations on the sentence length tables provided the total sentence length and incarceration portion lengths also comport to the requirements of Ala. Code § 15-18-8."

Presumptive and Voluntary Sentencing Standards Manual 28 (2019).

Additionally,

"[a] split sentence conforms to the Standards, where prison is recommended, if the total sentence imposed and the length of the 'split' fall within the statutory ranges specified in Ala. Code § 15-18-8 and the recommended sentence ranges provided in the Sentence Length Table."

Presumptive and Voluntary Sentencing Standards Manual 29 (2019).

In departing from the presumptive sentencing standards, the circuit court also did not comply with departure procedures: "The aggravating and/or mitigating factors found as reasons for any departure must be stated in the written sentencing order, even if the departure sentence is the result of a plea agreement and the parties have agreed to the existence of the aggravating and/or mitigating factors." Presumptive and Voluntary Sentencing Standards Manual 30 (2019) (emphasis added).

7

To be sure, despite the fact that the State and Parker agreed on the sentence in question, "'a [circuit] court cannot accept a plea agreement that calls for an <u>illegal</u> sentence.'" <u>Wells v. State</u>, 381 So. 3d 508, 511 (Ala. Crim. App. 2022) (quoting <u>Calloway v. State</u>, 860 So. 2d 900, 906 (Ala. Crim. App. 2002) (emphasis added)). However, contrary to Parker's contentions, his "departure sentence" -- which complied with applicable sentencing <u>statutes</u> but departed from the presumptive sentencing <u>standards</u> and departure <u>procedures</u> -- was not "illegal" and, thus, is not a <u>jurisdictional</u> error.

The Alabama Supreme Court "has routinely held that the imposition of a sentence in a criminal case that is not authorized by <u>statute</u> creates a <u>jurisdictional</u> defect that is <u>nonwaivable</u> and that can be raised at any time." <u>Ex parte McGowan</u>, 346 So. 3d 10, 13 (Ala. 2021) (emphasis added). The Alabama Supreme Court thus recognized that "'"a trial court does not have [subject-matter] jurisdiction to impose a sentence not provided for by <u>statute</u>."'" <u>Id.</u> (quoting <u>Ex parte Butler</u>, 972 So. 2d 821, 825 (Ala. 2007), quoting in turn <u>Hollis v. State</u>, 845 So. 2d 5, 6 (Ala. Crim. App. 2002)). "[A] sentence unauthorized by <u>statute</u> exceeds the <u>jurisdiction</u> of the trial court and is <u>void</u>." <u>Id.</u> at 15 (emphasis added).

8

In Ex parte Seymour, 946 So. 2d 536, 539 (Ala. 2006), the Alabama Supreme Court explained subject-matter jurisdiction as follows:

"Jurisdiction is '[a] court's power to decide a case or issue a decree. Black's Law Dictionary 867 (8th ed.2004). Subject-matter jurisdiction concerns a court's power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) ('"By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought."' (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L. Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S. Ct. 1781, 152 L. Ed.2d 860 (2002) (subject-matter jurisdiction refers to a court's 'statutory or constitutional power' to adjudicate a case). In deciding whether Seymour's claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari review.

"Under the Alabama Constitution, a circuit court 'shall exercise general jurisdiction in all cases except as may be otherwise provided by law.' Amend. No. 328, § 6.04(b), Ala. Const. 1901. The Alabama Code provides that '[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions ....' § 12-11-30, Ala. Code 1975. The offense of shooting into an occupied dwelling is a Class B felony. § 13A-11-61(b), Ala. Code 1975. As a result, the State's prosecution of Seymour for that offense was within the circuit court's subject-matter jurisdiction, and a defect in the indictment could not divest the circuit court of its power to hear the case.

"The United States Supreme Court has long held that 'defects in an indictment do not deprive a court of its power to adjudicate a case.' Cotton, 535 U.S. at 630, 122 S. Ct. 1781. …

9

Id. at 538. (emphasis added).

In short, the presumptive sentencing standards are not "jurisdictional." Indeed, the Alabama Sentencing Reform Act of 2003 expressly provides trial courts with the authority and discretion to depart from those standards. See § 12-25-2(a)(2) and (5), Ala. Code 1975 ("The purposes of the commission shall be to … determine and recommend … sentencing policies and practices appropriate for the state which: … (2) maintain[] judicial discretion and sufficient flexibility to permit individualized sentencing as warranted by mitigating or aggravating factors … [and] (5) [p]rovide judges with flexibility in sentencing options and meaningful discretion in the imposition of sentences." (emphasis added)). Those standards are waivable, and departures are expected. See 12-25-34.2(c), Ala. Code 1975 ("Durational and dispositional departures from the presumptive sentencing standards shall be subject to appellate review."), and § 12-25-34.2(a)(2), (4), and (9), Ala. Code 1975 (defining "departure" as "[a] sentence that departs from the presumptive sentence recommendation," "dispositional departure" as "[a] sentence that departs from the presumptive sentence recommendation for disposition of sentence," and "sentence range departure" as "[a] sentence

10

that departs from the presumptive sentence recommendation as to the sentence range").

Moreover, although the Legislature never established the "scope of appellate review" to be applied to a departure from the presumptive sentencing standards, the scope of review was established by this Court in <u>Hyde v. State</u>, 185 So. 3d 501, 508 (Ala. Crim. App. 2015). This Court held that, "when reviewing a circuit court's decision to depart from either a dispositional or durational recommendation under the presumptive sentencing standards, this Court will apply an <u>abuse-of-discretion</u> standard of review." <u>Id.</u> (emphasis added). We also explained that "<u>abuse of discretion</u>" is the well-established standard of review for evaluating sentences that are "within the <u>statutory</u> range." <u>Id.</u> (emphasis added). <u>See also</u> <u>Satterwhite v. City of Auburn</u>, 945 So. 2d 1076, 1090 (Ala. Crim. App. 2006) ("Satterwhite's sentence clearly falls within the <u>statutory</u> range. We have reviewed the record and find <u>no abuse of discretion</u> on the part of the trial court in sentencing Satterwhite to 30 days' imprisonment in the county jail." (emphasis added)); <u>Best v. State</u>, 895 So. 2d 1050, 1052 (Ala. Crim. App. 2004) ( "It is well settled that, absent an <u>abuse of discretion</u>, this Court will not disturb a sentence on appeal

11

where the sentence imposed by the trial court is within the <u>statutory</u> range." (emphasis added)); <u>Sparks v. State</u>, 665 So. 2d 996, 998 (Ala. Crim. App. 1995) ("'Where the punishment is within the <u>statutory</u> range, this Court will not overturn the sentencing decision absent a clear <u>abuse of discretion</u> by the trial court. <u>Fordham v. State</u>, 513 So. 2d 31, 34 (Ala. Crim. App. 1986)." (emphasis added)); <u>Pickron v. State</u>, 475 So. 2d 600, 601 (Ala. Crim. App. 1985) ("The sentence imposed by the trial judge in the case sub-judice is well within the range of punishment authorized by <u>statute</u>, and we deem it inappropriate to substitute our judgment for that of the trial court as to the punishment the appellant-defendant should receive. To do so would constitute an unwarranted invasion by an appellate court of the province of the trial court. As long as the sentence imposed by the trial court is within <u>statutory</u> boundaries, the Court of Criminal Appeals will not overturn the decision absent <u>clear abuse</u>." (emphasis added)). We further explained that applying the abuse-of-discretion standard in reviewing departures from the presumptive sentencing standards was especially warranted "[b]ecause the presumptive sentencing standards were implemented to '[a]llow judges to retain <u>significant discretion</u> in arriving at a sentencing decision.'"

12

Hyde, 185 So. 3d at 508 (quoting Presumptive and Voluntary Sentencing Standards Manual 14 (2013)). Thus, there exists "no reason to depart from our traditional scope of appellate review of a circuit court's decision to impose a certain sentence." Id. See also Presumptive and Voluntary Sentencing Standards Manual 18 and 30 (2019) and (2024) ("the Standards … [a]llow judges to retain significant discretion in arriving at sentencing decisions as required by Ala. Code § 12-25-2(a)(5)" and "the decision to depart from the presumptive sentence recommendation is in the discretion of the court") (emphasis added)).

Since Hyde, this Court has repeatedly applied the abuse-of-discretion standard in reviewing departures from the presumptive sentencing standards. See, e.g., Phillips v. State, [Ms. CR-2024-0078, Mar. 28, 2025] ___ So. 3d ___, ___ (Ala. Crim. App. 2025) (applying an abuse-of-discretion standard of review and holding that "the trial court did not abuse its significant discretion in finding that good cause existed to excuse the State's late notice of aggravating factors to seek sentences that departed from those recommended under the presumptive sentencing standards" (emphasis added)); Laakkonen v. State, 293 So. 3d 439, 444 (Ala. Crim. App. 2019) (holding that "the circuit court abused its

13

discretion in departing from the presumptive sentencing standards");[2] and Showers v. State, 256 So. 3d 124, 128 (Ala. Crim. App. 2017) (applying an abuse-of-discretion standard of review and holding that "the circuit court abused its discretion" by imposing sentences that "do not comport with the requirements of the Presumptive and Voluntary Sentencing Standards Manual"). Notably, in each of those direct appeals, the challenges to the departure sentences were preserved.

This Court has also recognized that, although trial courts have discretion to depart from the presumptive sentencing standards, "certain procedures must be followed." Snow v. State, 197 So. 3d 549, 552 (Ala. Crim. App. 2015). Nonetheless, to be reviewed on appeal, we have expressly held that a challenge to a trial court's departure from the presumptive sentencing standards must be preserved below. As we explained in Snow, "challenges to defects in the circuit court's

---

[2]Parker's reliance on Laakkonen to support his argument that his sentence is "illegal" is misplaced. Laakkonen was a direct appeal, and the appellant had preserved his argument below. We also expressly held that "the circuit court abused its discretion in departing from the presumptive sentencing standards," not that his sentence was "illegal" and "void." 293 So. 3d at 441, 444. This Court then remanded the case "for the circuit court to give Laakkonen the opportunity to withdraw his guilty plea". Id. at 447.

14

consideration of the presumptive sentencing standards are <u>waivable</u> and were, in fact, waived when Snow failed to object to those defects in the circuit court and thereby preserve his arguments for review on appeal." <u>Id.</u> at 555. We thus held that, "[b]ecause Snow did not raise the challenges to the circuit court's departure from the presumptive sentencing standards below that he now raises on appeal, Snow's claims are not preserved for appellate review." <u>Id.</u> We see no reason to overrule our well-reasoned opinion in <u>Snow</u> (nor have we been asked to), which properly held that challenges to a sentence departing from the presumptive sentencing standards must be preserved below to be considered and reviewed for an abuse of discretion on appeal. Because of that discretion afforded trial courts, a claim based on either an erroneous departure or a failure to comply with the procedures for departure is waived if not raised below. And, a waivable claim is not jurisdictional. <u>See also</u> <u>Ex parte Files</u>, 413 So. 3d 679, 683 (Ala. 2024) ("If a challenge … is subject to waiver, then the [error] has not been considered as impacting the subject-matter jurisdiction of the court.")

In sum, the Alabama Sentencing Reform Act, the <u>Presumptive and Voluntary Sentencing Standards Manual</u>, and established caselaw make

15

clear that trial courts maintain significant sentencing discretion to depart from the presumptive sentencing standards. Thus, although a trial court may abuse its discretion in departing from the presumptive sentencing standards, a departure error is not a "jurisdictional" error that renders a sentence illegal. Accordingly, we hold that Parker's argument on appeal -- that his original sentence is "illegal" and "void" because it departed from the presumptive sentencing standards -- is not reviewable.

We further note that Parker's reliance on recent opinions vacating illegal sentences is misplaced because, in those cases, we held that the appellants' sentences were illegal and, thus, void because they failed to comply with the Split Sentence Act, not because the sentences departed from the presumptive sentencing standards. See, e.g., Ex parte McGowan, 346 So. 3d 10, 16 (Ala. 2021) ("The split sentences the trial court imposed on McGowan were unauthorized under § 15-18-8. In addition to vacating the probation-revocation order, the proper procedure at this juncture would be for the trial court to '"conduct another sentencing hearing and … reconsider the execution of [McGowan's 15]-year sentence[s]. Because the [15]-year sentence[s] [were] valid, the

16

circuit court may not change [them]."'" (citations omitted)); McMillian v. State, [Ms. CR-2023-0898, Jun. 27, 2025] ___ So. 3d ___ (2025) (McMillian argued on appeal from his guilty-plea conviction, as he did below, that his five-year "straight" sentence for a Class D felony was illegal because it neither complied with the Split Sentence Act nor the presumptive sentencing standards, and this Court, based on the "illegal" sentence, reversed and remanded for the trial court resentence McMillian (emphasis added)); [3] Spencer v. State, 397 So. 3d 985, 987 (Ala. Crim. App. 2024) (recognizing that, "[a]lthough a circuit court does not have to split a sentence it imposes for a Class B felony conviction, if it chooses to

---

[3]Although in McMillian, we did not expressly distinguish between the trial court's imposing a sentence that was illegal because it did not comply with the Split Sentence Act and the trial court's abusing its discretion because it did not sentence McMillian under the presumptive sentencing standards, that distinction is nonetheless clear based on the cases cited therein, including Laakkonen v. State, 293 So. 3d 439 (Ala. Crim. App. 2019). Moreover, McMillian was a direct appeal, and both sentencing arguments were preserved below. See also Ex parte Town of Lowndesboro, 950 So. 2d 1203, 1210 (Ala. 2006) (noting that, even if raised by the parties, a jurisdictional issue "not decided by the courts and made part of the opinion of the case" has no precedential effect), and United States v. L.A. Tucker Truck Lines, 344 U.S. 33, 38 (1952) ("Even as to our own judicial power or jurisdiction, this Court has followed the lead of Chief Justice Marshall who held that this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio.").

do so, then it must split that sentence in accordance with § 15-18-8(a), Ala. Code 1975," and holding that, because Spencer's split sentence did not comply with the Split Sentence Act, it was "illegal" and, thus, void and would not support an appeal).

In sum, a trial court's departure from the presumptive sentencing standards is reviewed for an abuse of discretion. Thus, any error therein is not a jurisdictional error and may be reviewed on appeal only if it is preserved below. Parker's split sentence complied with the jurisdictional Split Sentence Act. And, Parker did not preserve and timely raise his nonjurisdictional argument that the circuit court abused its discretion by departing from the presumptive sentencing standards in imposing his split sentence. Accordingly, Parker's challenge to his departure sentence -- raised for the first time on appeal from the order revoking his probation -- is not properly before this Court for review.

Conclusion

Because the only argument Parker made on appeal is not properly before this Court, we affirm the circuit court's order revoking Parker's probation.

AFFIRMED.

Windom, P.J., and Kellum and Anderson, JJ., concur. Minor, J., concurs in part and concurs in the result, with opinion.

MINOR, Judge, concurring in part and concurring in the result.

I concur in the Court's opinion to the point that it recognizes that, because a circuit court's departure from the presumptive sentencing standards is waivable and must be preserved for appellate review, Senica Gerard Parker is due no relief. As to the rest of the Court's opinion, I concur in the result.